UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FLORIPINA AKANA, individually,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE KROGER COMPANY, an Ohio Corporation, d/b/a FRED MEYER STORES, INC. an Ohio Corporation, and GATEKEEPER SYSTEMS. INC., a California corporation,<br><br>　　　　　　　　　Defendants. | NO.<br><br>NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL |

**To:** **Clerk of the Court, United States District for the District of Washington, Western Division.**

**PLEASE TAKE NOTE** that Defendants Fred Meyer Stores, Inc., and The Kroger Co., hereby removes to this Court the state action described below in accordance with 28 U.S.C. §§ 1332, 1441, and 1446.

## I.   STATE COURT ACTION

The state court action to be removed is *Akana v. The Kroger Co. et. al*, Pierce County Superior Court Case No. 24-2-10915-9. *See Declaration of Jennifer L. Crow ("Crow Decl.")*.

## II. TIME FOR REMOVAL

Plaintiff filed this action in Pierce County Superior Court on or about August 13, 2024. *See Crow Decl.*, Exhibit 1, Complaint. The Complaint was served on Defendants The Kroger Co. and Fred Meyer Stores, Inc. ("Defendants") on November 5, 2024. *Crow Decl.* at ¶ 3. Pursuant to 28 U.S.C. § 1446(b), a party may remove an action to Federal District Court within 30 days of service of process. Defendants, therefore, have until December 5, 2024, or 30 days after service of Plaintiff's Complaint to move for removal to this Federal District Court. 28 U.S.C. § 1446(b).

## III. APPLICABLE LAW

A party may seek removal of a State Court action where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

## IV. BASIS FOR REMOVAL

1. This is a claim for personal injuries in tort arising out of an incident that occurred on April 6, 2024, in Puyallup, Washington, in which Plaintiff alleges an interaction with a shopping cart caused them injury.

2. Under LCR 101(a), if a complaint does not set forth the dollar amount prayed for, an action can still be removed to Federal District Court pursuant to 28 U.S.C. § 1446(b) if a reasonable person would conclude the plaintiff is seeking an amount in damages greater than the minimum jurisdictional amount of $75,000.

3. Plaintiff's Complaint alleges that Plaintiff suffered "emotional distress, mental anguish, mental and physical pain and suffering, loss of enjoyment of life, personal humiliation, amongst other things," as a result of the incident on April 6, 2024. *Crow Decl.*, Exhibit 1, Complaint. Plaintiff further alleges that Plaintiff will continue to accrue medical expenses as a result of this injury. *Crow Decl.*, Exhibit 1, Complaint.

4. Plaintiff's Complaint prays for an unspecified amount of general and special damages, including emotional distress, mental anguish, mental and physical pain and suffering,

///

loss of enjoyment of life, and personal humiliation, as well as medical expenses that allegedly continue to accrue, "to be proven at the time of trial." *Crow Decl.*, Exhibit 1, Complaint.

5. Based on the Plaintiff's description of the April 6, 2024, incident, the nature of Plaintiff's alleged injury, and the type of damages claimed, Defendants have a good faith belief that the amount Plaintiff is seeking in damages will exceed the minimum jurisdictional amount.

6. Upon information and belief, Plaintiff is an individual who resides in the State of Washington. *Crow Decl.*, ¶ 4.

7. On the date Plaintiff's Complaint was filed and the date of the filing of this Notice of Removal, Plaintiff was an individual residing in the State of Washington. *Crow Decl.*, ¶ 4.

8. On the date Plaintiff's Complaint was filed and the date of the filing of this Notice of Removal, Defendant Kroger Co., was an Ohio corporation with its principal place of business in Ohio. Crow Decl., ¶ 5.

9. On the date Plaintiff's Complaint was filed and the date of the filing of this Notice of Removal, Defendant Fred Meyer Stores, Inc., was an Ohio corporation with its principal place of business in Ohio. *Crow Decl.*, ¶ 6.

10. On the date Plaintiff's Complaint was filed and the date of the filing of this Notice of Removal, Defendant Gatekeeper Systems Inc., was a California corporation with its principal place of business in California. Crow Decl., ¶ 7.

11. Kroger Co. was not incorporated in the State of Washington as of the date of filing of Plaintiff's Complaint, nor is Kroger Co. presently incorporated in the State of Washington. *Crow Decl.*, ¶ 8. Its principal place of business is in Ohio at the time of the filing of the Complaint and as of the date of this Notice of Removal. *Crow Decl.*, ¶ 8.

12. Fred Meyer Stores, Inc., was not incorporated in the State of Washington as of the date of filing of Plaintiff's Complaint, nor is Fred Meyer Stores, Inc. presently incorporated in the State of Washington. *Crow Decl.*, ¶ 9. Its principal place of business is in Ohio at the time of the filing of the Complaint and as of the date of this Notice of Removal. *Crow Decl.*, ¶ 9.

13. Gatekeeper Systems, Inc., was not incorporated in the State of Washington as of the date of filing of Plaintiff's Complaint, nor is Gatekeeper Systems, Inc. presently incorporated in the State of Washington. *Crow Decl.*, ¶ 10. Its principal place of business is in California at the time of the filing of the Complaint and as of the date of this Notice of Removal. *Crow Decl.*, ¶ 10.

V. **NOTICE TO STATE COURT AND ADVERSE PARTY**

Defendant will promptly file a copy of this Notice with the clerk of the Pierce County Superior Court and will give written notice to all adverse parties. 28 U.S.C. § 1446(d).

WHEREFORE, Defendants request that this action, *Akana v. Kroger*, Pierce County Superior Court Case No. 24-2-10915-9, be removed to the United States District Court for the District of Washington, Western Division. Defendants further demand a jury trial.

DATED this 18th day of November 2024.

SCHEER.LAW PLLC

*/s/ Jennifer L. Crow*
Jennifer L. Crow, WSBA No. 43746
Kathryn P. Lucido, WSBA No. 58390
jen@scheer.law
kathrynl@scheer.law
Attorneys for Defendants The Kroger, Co. and Fred Meyer Stores, Inc.

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Scheer.Law PLLC.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Oregon, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO/ Plaintiff**<br>Thaddeus P. Martin<br>Attorney at Law<br>3015 Bridgeport Way West<br>University Place, WA 98466<br>thad@thadlaw.com | ☐ **Via U.S. Mail**<br>☒ **Via E-service**<br>☐ **Via Facsimile**<br>☒ **Via E-Mail** |

DATED this 18th day of November 2024 at Portland, Oregon.

*/s/ Rowik Kinnard*
Rowik Kinnard, Legal Assistant